**FILED**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2006 SEP 29 A 8: 58

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT JURY TRIAL DEMAND |
| AUTOZONE, INC. ) ) | INJUNCTIVE RELIEF REQUESTED |
| Defendant. ) ) | 3:06-cv-862-J-32MCR |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex. female. and retaliation and to provide appropriate relief due to Eva Crawford ("Crawford") and a class of similarly situated women who were adversely affected by such practices. As stated with greater particularity in the paragraphs below. the United States Equal Employment Opportunity Commission (hereinafter the "EEOC" or "Commission") alleges that Defendant discriminated against Ms. Crawford and a class of similarly situated women because of their sex by subjecting them to sexual harassment in violation of Title VII. Furthermore. the Commission contends that Defendant terminated Ms. Crawford in retaliation for asserting her rights in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has been a Tennessee corporation continuously doing business in the State of Florida and the City of Starke, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Eva Crawford filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September 2005, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a).

  a. Eva Crawford began working for Defendant at its Starke, Florida facility on or

about November 13, 2001. On or about April 6, 2003, she was Commercial Manager at the store.

b. Steve Wilber began working as a Parts Sales Manager at Defendant's Starke, Florida facility on or about September 21, 2005.

c. From September 2005 through December 2005, Mr. Wilber regularly made unwelcome sexual advances and highly offensive sexual comments to Ms. Crawford and other similarly situated women.

d. During September, October, November, and December 2005, Ms. Crawford and other similarly situated women complained about the sexual harassment to the Store Manager. Ms. Crawford also complained about the harassment to the District Manager.

e. On or about January 11, 2006, Defendant began investigating the sexual harassment complaints.

f. Defendant terminated Ms. Crawford on January 12, 2006.

8. The effect of the unlawful employment practices complained of in paragraph seven (7) above has been to deprive Eva Crawford and a class of similarly situated women of equal employment opportunities, and otherwise adversely affect their status as employees because of their sex and/or in retaliation for opposing unlawful employment practices.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of in paragraph seven (7) above were done with malice or with reckless indifference to the federally protected rights of Eva Crawford and a class of similarly situated women.

### PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment or any other employment practice which discriminates on the basis of sex.

B.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from retaliating against any employee for participating in protected activity.

C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant to make whole Eva Crawford by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement, rightful-place hiring, and front pay.

E.    Order Defendant to make whole Eva Crawford by providing compensation for past and future pecuniary losses resulting from the employment practices described in paragraph seven (7) above, including but not limited to, out-of-pocket losses, medical expenses and job search expenses, in amounts to be determined at trial.

F.    Order Defendant to make whole Eva Crawford and a class of similarly situated women by providing compensation for past and future nonpecuniary losses resulting from the employment practices described in paragraph seven (7) above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.    Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph seven (7) above, in an amount to be determined at trial.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

_[signature]_

MARITZA I. GOMEZ
Florida Bar No. 0021663
EEOC
Miami District Office
One Biscayne Tower, Suite 2700
Two South Biscayne Boulevard
Miami, FL  33131-1805
Tel.: (305) 808-1783
Fax: (305) 808-1835
maritza.gomez@eeoc.gov