UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,

vs.                                                      Case No.  3:06-cv-862-J-32MCR

AUTOZONE, INC.,

       Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Eva Crawford's Motion to Intervene (Doc. 7) filed December 3, 2006.  Ms. Crawford has filed the instant motion to intervene pursuant to Federal Rule Civil Procedure 24(a) and 42 U.S.C. § 2000e-5(f)(1).  Ms. Crawford seeks to intervene in this lawsuit so that she can intervene in the United States Equal Employment Opportunity Commission's ("EEOC") Title VII claim, in addition to asserting a Florida Civil Rights Act claim against Defendant.  Ms. Crawford certifies that she contacted counsel for both Plaintiff and Defendant and neither oppose this Motion to intervene.

Rule 24(a) of the Federal Rules of Civil Procedure states that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene. . . ."  Fed. R. Civ. P. 24(a).  Thus, a person may intervene as a matter of right when a statute confers an unconditional right to intervene, so long as the motion to intervene is timely.  Under Title

VII, 42 U.S.C. § 2000e-5(f)(1), Ms. Crawford has an unconditional right to intervene in the action brought by the United States Equal Employment Opportunity Commission ("EEOC"), as the relevant portion of the statute states that "[t]he person . . . aggrieved shall have the right to intervene in a civil action by the [EEOC]. . . ."  The Complaint brought by the EEOC states that Ms. Crawford filed a charge of discrimination against Defendant alleging Title VII violations.  (Doc. 1, p. 2).  Consequently, Ms. Crawford is an aggrieved person in this action and thus, she has an unconditional right to intervene so long as the Court finds Ms. Crawford's motion timely.  Because this Motion was filed before Defendant has filed a response to the Complaint, the Court finds it was filed in a timely manner.  As a matter of right, Ms. Crawford may intervene in the EEOC's Title VII action.

There is, however, one additional matter to consider.  Ms. Crawford, in her proposed Intervenor's Complaint, asserts a claim for violation of the Florida Civil Rights Act of 1992 (the "FCRA") against Defendant.  The EEOC's Complaint only asserts a Title VII claim and thus, Ms. Crawford's claims go beyond the claim raised by the EEOC.  The fact that Ms. Crawford has an unconditional right to intervene in the EEOC's Title VII action, does not provide her with an unconditional right to bring state law claims in the same action.  Equal Employment Opportunity Commission v. the West Company, Civ. A. No. 85-3342, 1986 WL 1239 * 3 (E.D. Pa. 1986).  Thus, this Court must decide whether it should exercise supplemental jurisdiction over Ms. Crawford's FCRA's claims pursuant to 28 U.S.C. § 1367.   Because both claims under Title VII and the FCRA have the same requirements of proof and use the same analytical

framework, Lawrence v. Wal-Mart Stores, Inc., 236 F. Supp. 2d 1314, 1323 n.11 (M.D. Fla. 2002), the Court will exercise supplemental jurisdiction over Ms. Crawford's FCRA claims.

Accordingly, after due consideration, it is

**ORDERED**:

1. Eva Crawford's Motion to Intervene (Doc. 7) is **GRANTED**.

2. Ms. Crawford is directed to file and serve her Intervenor's Complaint no later than ten days from the date of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this ___7th___ day of December, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party